Eastern District of Kentucky
**FILED**

SEP 28 2017

AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY

### LONDON DIVISION

CASE NO.: 6:17-cv-268-DCR

BRUCE SOUTHERLAND,

       Plaintiff,

vs.

A BRIGHTER FUTURE, INC.,

       Defendant.

_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, BRUCE SOUTHERLAND, for his Complaint against A BRIGHTER FUTURE, INC. states and alleges as follows:

### SUMMARY

1. A BRIGHTER FUTURE, INC. (hereinafter "Defendant") required and/or permitted BRUCE SOUTHERLAND (hereinafter "Plaintiff") to work in excess of forty hours per week but refused to compensate him properly for such hours.

2. Defendant's conduct is in violation of the Fair Labor Standards Act (FLSA), which requires employers to compensate non-exempt employees for their overtime work. *See*, 29 U.S.C. § 207(a).

3. Plaintiff, BRUCE SOUTHERLAND, is a FLSA non-exempt worker who was not fully compensated for the overtime hours he worked, as required by law, for which he now seeks recovery.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 201, et seq. and 28 U.S.C. § 1331.

5. Venue is proper in the Eastern District of Kentucky because Defendant engages in business here and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

### THE PARTIES

6. Plaintiff, BRUCE SOUTHERLAND, is a resident of Williamsburg, Kentucky.

7. Defendant, A BRIGHTER FUTURE, INC., is a domestic corporation operating in Kentucky. Service of process may be had on Defendant's registered agent, Robert Cassell, 1625 Greenup Ave, Suite 1, Ashland, Kentucky 41101.

### COVERAGE

8. Defendant, A BRIGHTER FUTURE, INC., is an enterprise that engages in commerce or in the production of goods for commerce.

9. Defendant acted, either directly or indirectly, in the interest of an employer with respect to the Plaintiff.

10. Accordingly, Defendant is both a covered "enterprise" and an "employer" under the FLSA.

11. Defendant has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.

12. Upon information and belief, at all times material to this Complaint, A BRIGHTER FUTURE, INC., has employees who handled goods or materials moved in interstate commerce, including, but not limited to, phones and vehicles, books, and calculators.

### FACTUAL ALLEGATIONS

13. Defendant A BRIGHTER FUTURE, INC. provides community living services and respite care services to special needs adults.

14. Defendant employed Plaintiff, BRUCE SOUTHERLAND, as a community living support specialist from on or about January 21, 2014 through March 13, 2017.

15. Plaintiff worked an average of eighty (80) hours per week for Defendant assisting Defendant's clients with day-to-day activities like reading and balancing checkbooks.

16. During his employment with Defendant, Plaintiff was suffered or permitted to over forty (40) hours in a workweek for Defendant without proper overtime compensation.

17. Defendant compensated Plaintiff $14.00 per hour for all hours worked, regardless of the number of hours worked.

18. Defendant failed to compensate Plaintiff his "and a half" portion of his time and a half overtime premiums.

19. By way of example, for the pay period covering November 27, 2016 through December 10, 2016, Plaintiff worked 160 hours and was compensated $14.00 per hour for all 160 hours. However, Defendant failed to pay Plaintiff his additional $7.00 an hour for 80 overtime hours worked. Defendant still owes Plaintiff $560.00 for this pay period alone.

20. Despite Defendant's assertions, Plaintiff is not an independent contractor and is entitled to rights under the FLSA. Plaintiff had a permanent job relationship with Defendant that lasted more than three years; Defendant dominated and controlled the manner in which Plaintiff performed his work; Defendant provided Plaintiff with the skills and training required for the job.

## CAUSES OF ACTION
### I. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA

21. Plaintiff incorporates all allegations contained in the preceding paragraphs.

22. At all relevant times Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

23. Defendant's failure to pay the full amount of overtime compensation owed to Plaintiff violates the FLSA.

24. Accordingly, Plaintiff is entitled to proper compensation for overtime hours worked.

25. Additionally, Plaintiff is entitled to an amount equal to his unpaid overtime wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action as provided by 29 U.S.C. § 216(b).

26. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages described pursuant to 29 U.S.C. § 216(b).

27. Alternatively, should the Court find Defendant acted in good faith and that it had reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

28. Plaintiff is entitled to have the limitations period extended to three years because Defendant's actions were willful. 29 U.S.C. § 216(b).

### PRAYER

WHEREFORE, Plaintiff respectfully requests judgment be entered in his favor awarding him:

    A.    overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times his regular rates;

    B.    an equal amount as liquidated damages as allowed under the FLSA;

    C.    damages accrued for a three year period;

    D.    reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA; and

    E.    pre-judgment and post judgment interest at the highest rates allowed by law; and such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

**GOLDBERG & LOREN, PA**

By: _/s/ Rachael Rustmann_
**Rachael Rustmann**
TX Bar No. 24073653
3102 Maple Ave, Suite 450
Dallas, Texas 75201
Main Phone:   800-719-1617 ext 1021
Facsimile:   (954) 585-4886
rrustmann@goldbergloren.com
*Attorney for Plaintiff*