UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

*ELECTRONICALLY FILED*

| | | |
|---|---|---|
| BRUCE SOUTHERLAND | ) | |
| | ) | Case No. 6:17-cv-00268-DCR |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| A BRIGHTER FUTURE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT MOTION FOR COURT APPROVAL OF CONFIDENTIAL
SETTLEMENT AGREEMENT AND RELEASE AND
DISMISSAL OF CASE WITH PREJUDICE**

Plaintiff Bruce Southerland and Defendant A Brighter Future, Inc. (collectively, the "Parties"), jointly move the Court to approve their settlement agreement and dismiss this case with prejudice. In support of their joint motion, the parties state as follows:

## I.    INTRODUCTION

In this Fair Labor Standards Act ("FLSA") action, the Parties jointly request that the Court enter a stipulated order approving the settlement reached between the Parties in resolution of a *bona fide* dispute regarding Plaintiff's alleged claim to damages under the FLSA. The Parties have carefully and exhaustively negotiated settlement in this action. They have agreed to settle the case, taking into account the disputed issues of fact and law, on the terms set forth in the Confidential Settlement Agreement and Release (the "Agreement"), which was filed with this Court under seal. (*See* filed Agreement).

In approving settlements of FLSA cases, district courts in the Sixth Circuit have followed the guidelines set forth by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*. 679

F.2d 1350 (11th Cir. 1982); *see Simmons v. Mathis Tire & Auto Serv.*, No. 13-2875-STA-tmp, 2015 U.S. Dist. LEXIS 114008, at *2 (W.D. Tenn. Aug. 20, 2015)[1] ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes concerning a plaintiff's entitlement to compensation under the FLSA."); *see also Cruz v. Don Pancho Mkt., LLC*, No. 1:15-cv-00698-PLM, 1:16-cv-00569-PLM, 2016 U.S. Dist. LEXIS 115699, at *6 (W.D. Mich. Aug. 23, 2016) ("The Court's role is to determine whether the settlement agreement is fair and reasonable to all concerned."). In the "context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations," the Parties must present any proposed settlement to the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc.*, 679 F.2d at 1353.

The Agreement in this case reflects a reasonable compromise of issues actually in dispute, the settlement was reached in an adversarial context in which Plaintiff was represented by counsel, and the totality of the proposed settlement is fair and reasonable. The Court will find, after scrutinizing the Agreement, that it is fair and should be approved.

## II.    PROCEDURAL HISTORY

Plaintiff filed the instant action against Defendant on September 28, 2017. [DE 1.] Plaintiff's sole cause of action was a "Failure to Pay Overtime Wages in Violation of the FLSA." [*Id.* at 6.] Defendant denies any wrongdoing whatsoever and does not admit to any violation of any law, statute, or regulation. After engaging in written discovery, counsel for the Parties agreed to attend mediation. The mediation occurred in Lexington, Kentucky on July 17, 2018, and

---

[1] Cases with a Lexis citation are attached as Collective Exhibit A.

resulted in the settlement of all of Plaintiff's claims. Following the mediation, the Parties entered

into the confidential Settlement Agreement that was filed under seal with this Court. [*See* filed

Agreement.]

### III.   ARGUMENT

#### A.   The court should approve the Agreement negotiated by the Parties.

This Court should approve this Agreement because the settlement is a product of

contested litigation, Plaintiff is represented by counsel, the settlement arrangement reflects a

reasonable compromise over disputed issues of fact and law, and the settlement terms are fair

and reasonable under the facts and circumstances of this case. "There are only two ways in

which back wage claims arising under the FLSA can be settled or compromised by employees."

*Lynn's Food Stores, Inc.*, 679 F.2d at 1352. The options are: (1) that the Secretary of Labor can

supervise the payment of back wages; or (2) that the employer and employee present the

proposed settlement to the district court for approval. 29 U.S.C. § 216(c); *Lynn's Food Stores,*

*Inc.*, 679 F.2d at 1354. In accordance with the second option, the Parties request this Court to

approve the Agreement.

A district court, when reviewing a proposed settlement of a FLSA claim must

"scrutiniz[e] the settlement for fairness" and decide whether the proposed settlement is a "fair

and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores,*

*Inc.*, 679 F.2d at 1353, 1355. *Lynn's Food Stores* essentially established four factors for a district

court to examine to determine whether to approve a FLSA settlement: (1) was the settlement

achieved in an adversarial context?; (2) was the Plaintiff represented by attorney(s) who can

protect their rights?; (3) does the settlement reflect a reasonable compromise over issues that are

actually in dispute?; (4) is the settlement fair? *Id.* at 1354.

3

The Agreement reveals that the settlement was reached in an adversarial proceeding through arm's-length negotiations among capable attorneys who have the ability to protect the rights of the Parties in this matter. The settlement reflects a reasonable compromise regarding a *bona fide* dispute between the Parties regarding the questions of liability and the amount of alleged damages under the FLSA. Furthermore, the settlement is fair, just, and an adequate resolution of the claims at issue.

The endorsement of the settlement by counsel for Plaintiff weighs in favor of approving the Agreement. "In deciding whether a proposed settlement warrants approval, the informed and reasoned judgment of plaintiffs' counsel and their weighing of the relative risks and benefits of protracted litigation are entitled to great deference." *Ross v. Jack Rabbit Servs., LLC*, No. 3:14-cv-44-DJH, 2016 U.S. Dist. LEXIS 173292, at *11 (W.D. Ky. Dec. 15, 2016) (citations omitted). In this case, Plaintiff's attorney is fully aware of the factual contentions of her client and is in the best position to opine as to whether this settlement produces a fair result after consideration of risk. Plaintiff's counsel agrees that the settlement reached between the Parties produces a fair result. The Court should recognize that "[b]ecause the very point of compromise is to avoid determining contested issues and to avoid the expense and uncertainty of litigation, the court should not 'decide the merits of the case or resolve unsettled legal questions.'" *Birchett v. Apt. Inv. & Mgmt. Co.*, No. 07-CV-12939-DT, 2008 U.S. Dist. LEXIS 107441, at * 3 (E.D. Mich. Nov. 26, 2008) (citing *Carson v. Am. Brands*, 450 U.S. 79, 88 n.14 (1981)).

The Parties have entered into the Agreement to avoid the necessity, expense, inconvenience, and uncertainty of litigation. Based upon the investigation of the undersigned counsel, and taking into account the contested factual and legal issues involved, the expense and time necessary to prosecute the action through trial, the risks and costs of further prosecution of

4

the action, the uncertainties of complex litigation, and the benefits to be received pursuant to this Agreement, Plaintiff, at the advice of his counsel, has concluded that a settlement with the Defendant on the terms and conditions set forth in the Agreement is fair, reasonable, adequate, and in the best interest of the Plaintiff. Although Defendant continues to deny and disclaim any liability with regard to Plaintiff's claims, Defendant nevertheless desires to settle the dispute on the terms set forth in the Agreement for the purposes of avoiding the burden, expense, and uncertainty of continuing litigation, and to put to rest the controversies engendered by the action. Therefore, the Parties, with the Court's approval, would like to resolve and settle this dispute without further litigation.

**B.      The court should approve the fees and costs award contemplated by the Agreement.**

The court also should award Plaintiff's counsel attorney's fees and costs as outlined in the Agreement. An award of attorney's fees and costs must be reasonable, meaning an award adequate to attract competent counsel, but one that does not produce a windfall to attorneys. *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). "[A] court must first determine the lodestar amount by multiplying the reasonable number of hours billed by a reasonable billing rate." *Reed*, 179 F.3d at 471. This amount can then be adjusted using the twelve-factor test used in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) and the United States Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424 (1983). These factors include:

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id. at* 471 n. 3.

Counsel for Plaintiff estimates that she spent approximately 52.2 hours on this matter and her firm incurred costs and expenses of $1,121.56. When the costs and expenses are subtracted from the attorneys' fees and costs stated in the Agreement, and that number is divided by 52.2, the hours worked by Plaintiff's counsel, the resulting amount represents an hourly fee that is reasonable. Moreover, it should be noted that Goldberg & Loren is a nationwide firm with offices in 21 states. Wage and hour law is one of the firm's specific areas of practice[2]. Defendant states that solely in resolution of this matter, these fees are reasonable. Plaintiff similarly agrees that in resolution of this matter, these fees are reasonable.

## CONCLUSION

The settlement terms reached in this dispute represent a fair and reasonable compromise of the respective positions of the Parties. The Parties therefore respectfully request that the court approve the Agreement and enter the proposed order.

Respectfully submitted,

GOLDBERG & LOREN, PA                DINSMORE & SHOHL LLP

/s/ Rachael Rustmann (w/ permission)        /s/ Travers B. Manley
Rachael Rustmann                    Travers B. Manley
Goldberg & Loren, PA                Dinsmore & Shohl, LLP
1776 N. Pine Island Road, Suite 224      250 West Main Street, Suite 1400
Plantation, FL 33322                Lexington, KY 40507
Ph: (469) 214-4222                  Ph: (859) 425-1000
rrustmann@goldbergloren.com          travers.manley@dinsmore.com

*Counsel for Plaintiff, Bruce Southerland*      *Counsel for Defendant, A Brighter Future, Inc.*

---

[2]     Plaintiff's counsel practices exclusively in Wage & Hour Litigation and has represented over 750 Plaintiffs in her legal career. James Loren, a partner in the firm who assisted Plaintiff's counsel in this litigation, is licensed to practice in the state courts of Florida and Georgia and has been licensed since 1995 and 2010, respectively. Mr. Loren is licensed to practice in all Texas Federal District Courts as well as multiple other federal district and appellate courts and has practiced in the area of labor and employment law since 1995.