UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| BRUCE SOUTHERLAND, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 17-268-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| A BRIGHTER FUTURE, INC., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the parties' joint motion for court approval of their Settlement Agreement involving Plaintiff Southerland's claims under the Fair Labor Standards Act ("FLSA"). [Record No. 22] The proposed Settlement Agreement has been filed under seal with leave of Court. [Record No. 24]

Southerland filed a Complaint in September 2017, alleging that Defendant A Brighter Future employed him as a community living support specialist from January 21, 2014, through March 13, 2017. [Record No. 1, ¶ 14] He contends that, despite being a non-exempt employee under the FLSA, he regularly worked more than 40 hours per week and was not paid proper overtime compensation. *See* 29 U.S.C. §§ 201, *et seq.* [Record No. 1, ¶¶ 3, 15, 18]

The defendant filed an Answer in which it denied that it had failed to properly compensate Southerland. [Record No. 7] Following the parties' meeting under Rule 26(f) of the Rules of Civil Procedure, the Court entered a Scheduling Order and the parties began discovery. [Record Nos. 8, 13] The parties participated in mediation and notified the Court

in August 2018 that they had reached "an agreement for a full and final settlement of all of Plaintiff's claims." [Record No. 20]

The FLSA guarantees fair compensation for time worked, so employees generally may not waive claims under the FLSA. However, settlement agreements may be supervised by the Department of Labor or approved by the federal district court in which a FLSA suit was brought. *See Lynn's Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982). As a result, the Court must determine whether the settlement agreement represents a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute, the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

Notwithstanding the parties' assertion that there is a bona fide dispute over whether the defendants violated the FLSA, the Court must make its own determination. *See Ross v. Jack Rabbit Servs., LLC*, No. 3:14-cv-44, 2016 WL 7320890 (W.D. Ky. Dec. 15, 2016). While the defendant generally denies that it violated the FLSA, the parties have not identified any particular bona fide dispute(s) in this case. Without additional information, the Court cannot independently confirm that the plaintiff is not impermissibly waiving claims under the FLSA.

The parties also have failed to provide sufficient information for the Court to determine whether the agreement is fair. Both parties are represented by competent counsel and there is no indication that the parties' agreement is anything other than an arm's length resolution of the dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. But the inquiry does not end there.

The parties have not provided any information regarding the amount in dispute and/or how it relates to the ultimate settlement. Mediation occurred at the conclusion of the discovery period, and the parties should have access to information that will answer these questions.

Based on the foregoing, it is hereby

**ORDERED** that the Joint Motion for approval of Settlement Agreement [Record No. 22] is **DENIED**, without prejudice. The parties may re-file for approval of the Settlement Agreement, addressing the deficiencies addressed herein.

Dated: September 7, 2018.

Signed By:
*Danny C. Reeves*
United States District Judge