UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| BRUCE SOUTHERLAND, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 17-268-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| A BRIGHTER FUTURE, INC., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The parties have reached a proposed settlement of Plaintiff Southerland's claims in this matter, which arise under the Fair Labor Standards Act ("FLSA"), 28 U.S.C. § 207(a). [Record No. 24] One matter remains, however: settlements involving FLSA claims must be approved by the Court. *See Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). The parties previously sought approval of their agreement on September 5, 2018, but that requelst was denied because the parties had not provide sufficient information to allow the Court to determine whether the agreement represented a fair and reasonable resolution of a bona fide dispute. *See id.* at 1355. [Record Nos. 22, 26] The Court now considers the parties' second joint motion for approval of their settlement agreement. [Record No. 27]

**I.**

Public policy requires that employees' rights under the FLSA not be compromised by settlement. *Crawford v. Lexington-Fayette Urban Cnty. Gov.*, No. 06-299, 2008 WL 4724499 (E.D. Ky. Oct. 23, 2008). As a result, the Court must address the threshold question of whether the parties' proposed settlement involves bona fide dispute regarding the nature or existence

of such rights. The plaintiff alleges that the defendant failed to compensate him as required under FLSA for overtime worked during his employment from January 2014 through March 2017. [Record No. 1] Employees are afforded FLSA's protections, while independent contractors are not. *See Keller v. Miri Microsystems LLC*, 781 F.3d 799, 806 (6th Cir. 2015).

The Supreme Court has recognized that employers are liable to employees for overtime wages, even if the employer puts an "independent contractor label" on the employee. *Id.* at 806-07 (quoting *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729 (1947)). The United States Court of Appeals for the Sixth Circuit applies a common law agency test to determine whether a hired party is an independent contractor or an employee. *Shah v. Deaconess Hosp.*, 355 F.3d 496, 499 (6th Cir. 2004) (citing *Nationwide Mutual Ins. Co. v. Darden*, 503 U.S. 318, 322 (1992)). *See also Keller*, 781 F.3d at 807 (citing *Donovan v. Brandel*, 736 F.2d 1114, 1116 (6th Cir. 1984) (describing the substantively similar "economic-reality test").

Courts consider the following factors:

> the hiring party's right to control the manner and means by which the product is accomplished; the skill required by the hired party; the duration of the relationship between the parties; the hiring party's right to assign additional projects; the hired party's discretion over when and how to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the hiring party's regular business; and hired party's employee benefits; and the tax treatment of the hired party's compensation.

*Shah*, 355 F.3d at 443 (citing *Darden*, 503 U.S. as 323-24). While the parties' entry into an express "independent contractor" agreement is not dispositive, it is some evidence of the relationship that the parties intend to create. *See Weary v. Cochran*, 377 F.3d 522, 525-56 (6th Cir. 2004).

Southerland maintains that he was the defendant's employee because he consistently worked for the defendant 75 to 80 hours per week; his job required specialized knowledge, but

not much skill or initiative; the defendant provided the necessary materials (other than a vehicle); he had no control over his own profit or loss, and received hourly compensation; and supervisors exercised extensive control over his work hours and job duties. [Record No. 27, p. 4] The defendant, on the other hand, contends that Southerland was an independent contractor prior to January 1, 2017, because he signed an independent contractor agreement; he could work as many or as few hours as he desired; he was not restricted from providing services to other companies; and he had no supervisor during the relevant period. *Id.* at 5.

No one factor is determinative. It is notable, however, that with respect to the core issue of control, Southerland argues that the defendant exercised significant control over his job duties, while the defendant maintains that Southerland did not have a direct supervisor during the relevant period. *See Werner v. Bell Family Med. Ctr., Inc.*, 529 F. App'x 541 (6th Cir. 2013) (acknowledging that right to control manner and means of work is a key consideration). And despite the parties' express agreement that Southerland was an independent contractor, other factors, such as the defendant's provision of materials, suggest that Southerland was an employee.

The parties have established sufficiently that Southerland's true employment status is in dispute. Thus, they have demonstrated that a bona fide dispute exists. *See e.g., Ross v. Jack Rabbit Servs., LLC*, No. 3: 14-cv-44-DJH, 2016 WL 7320890, at *2 (W.D. Ky. Dec. 15, 2016).

**II.**

The Court also must determine whether the proposed settlement is fair. Southerland's Complaint seeks unpaid overtime wages from January 21, 2014, through March 13, 2017, as well as liquidated damages. [Record No. 1, p. 3-4] His regular pay rate was $14.00 per hour, and he contends that he is due $19,721.94 in back pay wages for the two-year period preceding

the filing of this suit. [Record No. 27, p. 4] The defendant acknowledges that if the lawsuit continues, and the plaintiff if successful, he could recover "approximately $36,000.00 in back pay and liquidated damages alone." *Id.* at 5.

The proposed settlement agreement awards Southerland a total of $33,000.00, $15,999.06 of which will be payable to Southerland's attorney. The $17,000.94 payable to Southerland approaches the amount he originally sought for unpaid overtime wages. Liquidated damages are available in cases of willful violations of the FLSA, which extend the statute of limitations to three years. 29 U.S.C. §§ 216(b), 255(a). The defendant maintains (based on the good-faith disagreement regarding Southerland's employment status) that any alleged violation of the FLSA was not willful. Given the uncertainty and expense of proceeding with litigation and the parties' arms-length negotiations with experienced attorneys, this amount represents a fair and complete recovery under the FLSA.

The Court also must consider the reasonableness of the agreed upon attorney's fees. The FLSA includes a fee-shifting provision that allows the prevailing party to recover reasonable attorney's fees and litigation costs. 29 U.S.C. § 216(b). Indeed, an award of attorney's fees under the FLSA is mandatory, but the amount of the fees lies with the discretion of the district court. *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). The Court must determine the reasonableness of the fee, even when it is negotiated as part of a settlement agreement. *Thompson v. United Stone,* LLC, No. 1: 140-CV-224, 2015 WL 8677988, at *2 (E.D. Tenn. March 2, 2015) (citing *Lliguichuzhca v. Cinema 60, LLC*, 948 F.Supp.2d 362, 366 (S.D.N.Y. 2013)).

"A reasonable fee is one that is 'adequate to attract competent counsel but . . . [does] not produce windfalls to attorneys.'" *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing

*Blum v. Stenson*, 465 U.S. 886, 893 (1984)). The starting point for determining a reasonable fee is the lodestar, which is the product of the number of hours billed and a reasonable hourly rate. *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 616 (6th Cir. 2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). After determining the lodestar amount, courts may adjust the amount based on the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Paschal v. Flagstar Bank*, 297 F.3d 431 (6th Cir. 2002) (quoting *Blanchard v. Bergeron*, 489 U.S. 87, 91 n.5 (1989)). Despite the consideration of these factors, there is a strong presumption that the lodestar amount represents a reasonable fee. *Adcock-Ladd v. Sec'y of the Treasury*, 227 F.3d 3430349-50 (6th Cir. 2000).

Counsel reports that her firm incurred costs and expenses of $1,121.56, reducing the attorney fee to $14,877.50. [*See* Record No. 27, p. 7] Divided by the 52.2 hours counsel reports to have spent working on this matter, the resulting rate is $285.00 per hour. *See id.* However, this Court must determine whether the party seeking the award has sufficiently documented its claim. *See Reed*, 179 F.3d at 472. "Where the documentation is inadequate . . . the district court would do violence to its judicial obligations were it to accept the amounts claimed at their face value." *United Slate, Local 307 v. G&M Roofing and Sheet Metal, Co., Inc.*, 732 F.2d 495 (6th Cir. 1984).

Counsel for the plaintiff has not provided any documentation in support of the request for fees and costs, nor has she provided any information regarding the "reasonable hourly rate" for an attorney of her experience and area of practice. The Court recognizes that the parties have agreed to the amount of attorney's fees and costs outlined as in the proposed Settlement Agreement. However, the Court has a duty to independently examine such fee agreements to ensure fairness to the plaintiff. *See Adock-Ladd*, 227 F.3d at 349.

Accordingly, it is hereby

**ORDERED** that the parties' Second Joint Motion for Approval of Settlement Agreement [Record No. 27] is **DENIED**, without prejudice. The parties may re-file for approval of the Settlement Agreement, addressing the deficiencies cited herein.

Dated: September 19, 2018.



Signed By:
*Danny C. Reeves*
United States District Judge