UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

***ELECTRONICALLY FILED***

| | | |
|---|---|---|
| BRUCE SOUTHERLAND | ) | |
| | ) | Case No. 6:17-cv-00268-DCR |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| A BRIGHTER FUTURE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**THIRD JOINT MOTION FOR COURT APPROVAL OF CONFIDENTIAL
SETTLEMENT AGREEMENT AND RELEASE AND
DISMISSAL OF CASE WITH PREJUDICE**

Plaintiff Bruce Southerland and Defendant A Brighter Future, Inc. (collectively, the "Parties"), jointly move the Court to approve their settlement agreement and dismiss this case with prejudice. In support of their joint motion, the Parties state as follows:

**I.     INTRODUCTION**

In this Fair Labor Standards Act ("FLSA") action, the Parties jointly request that the Court enter a stipulated order approving the settlement reached between the Parties in resolution of a *bona fide* dispute regarding Plaintiff's alleged claim to damages under the FLSA. The Parties have carefully and exhaustively negotiated settlement in this action. They have agreed to settle the case, taking into account the disputed issues of fact and law, on the terms set forth in the Confidential Settlement Agreement and Release (the "Agreement"), which was filed with this Court under seal. (*See* filed Agreement).

In approving settlements of FLSA cases, district courts in the Sixth Circuit have followed the guidelines set forth by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*. 679

F.2d 1350 (11th Cir. 1982); *see Simmons v. Mathis Tire & Auto Serv.*, No. 13-2875-STA-tmp, 2015 U.S. Dist. LEXIS 114008, at *2 (W.D. Tenn. Aug. 20, 2015)[1] ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes concerning a plaintiff's entitlement to compensation under the FLSA."); *see also Cruz v. Don Pancho Mkt., LLC*, No. 1:15-cv-00698-PLM, 1:16-cv-00569-PLM, 2016 U.S. Dist. LEXIS 115699, at *6 (W.D. Mich. Aug. 23, 2016) ("The Court's role is to determine whether the settlement agreement is fair and reasonable to all concerned."). In the "context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations," the Parties must present any proposed settlement to the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc.*, 679 F.2d at 1353.

The Agreement in this case reflects a reasonable compromise of issues actually in dispute, the settlement was reached in an adversarial context in which Plaintiff was represented by counsel, and the totality of the proposed settlement is fair and reasonable. The Court will find, after scrutinizing the Agreement, that it is fair and should be approved.

## II.  PROCEDURAL HISTORY

Plaintiff filed the instant action against Defendant on September 28, 2017. [DE 1.] Plaintiff's sole cause of action was a "Failure to Pay Overtime Wages in Violation of the FLSA." [*Id.* at 6.] Defendant denies any wrongdoing whatsoever and does not admit to any violation of any law, statute, or regulation. After engaging in written discovery, counsel for the Parties agreed to attend mediation. The mediation occurred in Lexington, Kentucky on July 17, 2018, and

---

[1] Cases with a Lexis citation are attached as Collective Exhibit A.

resulted in the settlement of all of Plaintiff's claims. Following the mediation, the Parties entered into the confidential Settlement Agreement that was filed under seal with this Court. [*See* filed Agreement.]

### III.     ARGUMENT

#### A.     The court should approve the Agreement negotiated by the Parties.

This Court should approve this Agreement because the settlement is a product of contested litigation, Plaintiff is represented by counsel, the settlement arrangement reflects a reasonable compromise over disputed issues of fact and law, and the settlement terms are fair and reasonable under the facts and circumstances of this case. "There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." *Lynn's Food Stores, Inc.*, 679 F.2d at 1352. The options are: (1) that the Secretary of Labor can supervise the payment of back wages; or (2) that the employer and employee present the proposed settlement to the district court for approval. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc.*, 679 F.2d at 1354. In accordance with the second option, the Parties request this Court to approve the Agreement.

A district court, when reviewing a proposed settlement of a FLSA claim must "scrutiniz[e] the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1353, 1355. *Lynn's Food Stores* essentially established four factors for a district court to examine to determine whether to approve a FLSA settlement: (1) was the settlement achieved in an adversarial context?; (2) was the Plaintiff represented by attorney(s) who can protect their rights?; (3) does the settlement reflect a reasonable compromise over issues that are actually in dispute?; (4) is the settlement fair? *Id.* at 1354.

The Agreement reveals that the settlement was reached in an adversarial proceeding through arm's-length negotiations among capable attorneys who have the ability to protect the rights of the Parties in this matter.

Plaintiff contends that he was not an independent contractor at any time during his relationship with ABF and, therefore, he was due his time and a half overtime premium for all hours worked in excess of 40 hours per week[2]. Based on the economic realities test applied in *Donovan v. Brandel,* the Court considers six factors when determining if a Plaintiff is an employee or an independent contractor: (1) the permanency of the relationship between the parties; (2) the degree of skill required for the rendering of the services; (3) the worker's investment in equipment or materials for the task; (4) the worker's opportunity for profit or loss, depending upon his skill; (5) the degree of the alleged employer's right to control the manner in which the work is performed; and (6) whether the service rendered is an integral part of the alleged employer's business. 736 F.2d 1114, 1117 (6th Cir. 1984).

Plaintiff alleges that he was an employee of ABF at all times under the FLSA when applying the economic realities test because 1) he consistently worked for Defendant for an average of 75 to 80 hours per week; 2) he claims his job required certain specialized knowledge, but not much skill or initiative; 3) he claims he needed to use his own personal vehicle, but other equipment or materials were provided by Defendant; 4) he argues he had no control over his own profit or loss and merely received hourly compensation; and 5) he alleges he had supervisors that exercised extensive control over his work hours and job duties to be performed.

Defendant alleges that Plaintiff was not an employee of ABF at all times under the FLSA

---

[2] Based on documentation provided by Defendants, Plaintiff calculated that he is due $19,721.94 in back wages alone for the two-year period preceding the filing of his suit. Defendant alleges that Plaintiff was compensated properly and not entitled to any additional compensation.

and was properly classified as an independent contractor prior to January 1, 2017.[3] Defendant's arguments that Plaintiff worked as an independent contractor include, but are not limited to, that 1) Plaintiff signed an independent contractor agreement when he first began providing services for Defendant; 2) Defendant claims Plaintiff could work as many or few hours as he desired; 3) he allegedly was not restricted from providing services to other companies; and 4) Defendant argues he had no supervisor during the relevant time period. As for damages, Defendant argues that even if the court were to find that Plaintiff was entitled to overtime pay, a two-year statute of limitations would apply and Plaintiff would not be entitled to liquidated damages. Due to the uncertainty[4] and expense of further litigation, the parties decided to come to a mutual resolution of Plaintiff's claims.

The settlement reflects a reasonable compromise regarding a *bona fide* dispute between the Parties regarding the questions of liability and the amount of alleged damages under the FLSA. Furthermore, the settlement is fair, just, and an adequate resolution of the claims at issue.

The endorsement of the settlement by counsel for Plaintiff weighs in favor of approving the Agreement. "In deciding whether a proposed settlement warrants approval, the informed and reasoned judgment of plaintiffs' counsel and their weighing of the relative risks and benefits of protracted litigation are entitled to great deference." *Ross v. Jack Rabbit Servs., LLC*, No. 3:14-cv-44-DJH, 2016 U.S. Dist. LEXIS 173292, at *11 (W.D. Ky. Dec. 15, 2016) (citations omitted). In this case, Plaintiff's attorney is fully aware of the factual contentions of her client and is in the best position to opine as to whether this settlement produces a fair result after consideration of risk. Plaintiff's counsel agrees that the settlement reached between the Parties produces a fair

---

[3] Defendant classified Plaintiff as an employee after January 1, 2017.
[4] Defendant understands that were this claim to continue, there is the possibility that Plaintiff could recover approximately $36,000.00 in back wages and liquidated damages alone; whereas Plaintiff understands that were this claim to continue there is a possibility that he could recover nothing.

5

result. The Court should recognize that "[b]ecause the very point of compromise is to avoid determining contested issues and to avoid the expense and uncertainty of litigation, the court should not 'decide the merits of the case or resolve unsettled legal questions.'" *Birchett v. Apt. Inv. & Mgmt. Co.*, No. 07-CV-12939-DT, 2008 U.S. Dist. LEXIS 107441, at * 3 (E.D. Mich. Nov. 26, 2008) (citing *Carson v. Am. Brands*, 450 U.S. 79, 88 n.14 (1981)).

The Parties have entered into the Agreement to avoid the necessity, expense, inconvenience, and uncertainty of litigation. Based upon the investigation of the undersigned counsel, and taking into account the contested factual and legal issues involved, the expense and time necessary to prosecute the action through trial, the risks and costs of further prosecution of the action, the uncertainties of complex litigation, and the benefits to be received pursuant to this Agreement, Plaintiff, at the advice of his counsel, has concluded that a settlement with the Defendant on the terms and conditions set forth in the Agreement is fair, reasonable, adequate, and in the best interest of the Plaintiff. Although Defendant continues to deny and disclaim any liability with regard to Plaintiff's claims, Defendant nevertheless desires to settle the dispute on the terms set forth in the Agreement for the purposes of avoiding the burden, expense, and uncertainty of continuing litigation, and to put to rest the controversies engendered by the action. Therefore, the Parties, with the Court's approval, would like to resolve and settle this dispute without further litigation.

**B.      The court should approve the fees and costs award contemplated by the Agreement.**

The court also should award Plaintiff's counsel attorney's fees and costs as outlined in the confidential Agreement. An award of attorney's fees and costs must be reasonable, meaning an award adequate to attract competent counsel, but one that does not produce a windfall to attorneys. *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 2008) ("[A] court must first determine the

6

lodestar amount by multiplying the reasonable number of hours billed by a reasonable billing rate." )

There are two methods for determining whether a fee is reasonable: the lodestar method and the percentage-of-the-fund method. *Van Horn v. Nationwide Prop. & Cas. Ins. Co.,* 436 Fed. Appx. 496, 498 (6th Cir. 2011); *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)(reasonable attorney's fees may be determined using the lodestar approach). Plaintiff's Counsel seeks an award of attorney's fees on a lodestar basis. Multiplication of the number of hours reasonably expended on the merits of the litigation by the reasonable hourly rate equals the lodestar. *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001). The lodestar calculation is presumed to yield a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

In FLSA cases, "courts have rejected the notion that fee awards should be proportionately tied to a plaintiff's recovery." *Vasquez v. Ranieri Cheese Corp*., No. 07 Civ. 464, 2011 U.S. Dist. LEXIS 11503 at *11 (E.D.N.Y. February 7, 2011). "Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples." *Howe v. Hoffman-Curtis Partners Ltd*., 215 Fed.Appx. 341, 342 (5th Cir. 2007); *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir.1994) ($7,680 in damages; $40,000 in attorney fees); *Moriarty v. Svec*, 233 F.3d 955, 967 (7th Cir. 2000) (the Seventh Circuit has "not formulated any mechanical rules requiring that a reasonable attorneys' fee be no greater than some multiple of the damages claimed or recovered.").

To assist the Court in determining whether the requested fee is reasonable, the Sixth Circuit has identified the following factors: (1) the value of the benefit rendered to the plaintiff; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a

contingent-fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides. *Bowling v. Pfizer,* 102 F.3d 777, 780 (6th Cir. 1996); *Ramey v. Cincinnati Enquirer, Inc.,* 508 F.2d 1188, 1196 (6th Cir. 1974).

Each of these factors weighs strongly in favor of the reasonableness of the fee sought by Plaintiff's Counsel in this instance.

### 1. Value of the Benefit Provided

This is a standard FLSA settlement in which Plaintiff is provided direct cash payment representing an appropriate settlement on his unpaid overtime wage claim. Furthermore, the settlement provides relatively early relief to Plaintiff, and it eliminates the additional risks the Parties would otherwise bear if this litigation were to continue.

### 2. Value of the Services Rendered

For purposes of determining a reasonable attorney's fee, the hourly rate must be calculated in accordance with the prevailing market rate in the relevant community. *Blum v. Stenson*, 465 U.S. 896, 895 (1984). Generally, the "prevailing market rate [is] defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier v. Sundquist,* 372 F.3d 784, 791 (6th Cir.2004) (citing *Adcock–Ladd v. Secretary of Treasury,* 227 F.3d 343, 350 (6th Cir.2000)). There is, however, an exception to the general rule that the prevailing market rates of the local community govern the lodestar analysis, and, in this circuit, the exception is known as the "out-of-town specialist." *See Louisville Black Police Officers Org. v. City of Louisville*, 700 F.2d 268, 278 (6th Cir. 1983) ("District courts are free to look to a national market, an area of specialization market or any

other market they believe appropriate to fairly compensate particular attorneys in individual cases."). Attorneys who specialize in particular fields tend to charge more for their services and tend to be found in larger cities where the cost of litigation is more expensive. *See Chrapliwy v. Uniroyal, Inc.,* 670 F.2d 760, 769 (7th Cir. 1982). When fees are sought for an "out-of-town specialist," "courts must determine (1) whether hiring the out-of-town specialist was reasonable in the first instance, and (2) whether the rates sought by the out-of-town specialist are reasonable for an attorney of his or her degree of skill, experience, and reputation." *Hadix v. Johnson,* 65 F.3d 532, 535 (6th Cir. 1995) (citing *Chrapliwy,* 670 F.2d at 768–69).

Here it was reasonable for Plaintiff to retain counsel from outside of the local community and to retain Goldberg & Loren, P.A., given Plaintiff's counsel specializes in this area of law specifically. Plaintiff was unable to find an in-town attorney who practices exclusively in wage and hour litigation, such as Plaintiff's counsel. Plaintiff's Counsel are leaders in litigating in federal courts throughout the United States FLSA minimum wage and overtime claims.[5] Counsel's requested fee, which is outlined in the confidential settlement agreement, represents 52.2 hours[6] of work performed on the case since March of 2017 when Plaintiff first retained Plaintiff's Counsel and $1,121.56 in costs and expenses. Rachael Rustmann performed a total of

---

[5] Goldberg & Loren, P.A. is a nationwide firm with offices in multiple states, and Plaintiff's counsel Rachael Rustmann practices exclusively in Wage & Hour Litigation and has represented over 750 wage and hour plaintiffs in her legal career. James Loren, a partner in the firm who assisted Plaintiff's counsel in this litigation, is licensed to practice in the state courts of Florida and Georgia and has been licensed since 1995 and 2010, respectively. Mr. Loren is licensed to practice in all Texas Federal District Courts as well as multiple other federal district and appellate courts and has practiced in the area of labor and employment law since 1995.

[6] The work Plaintiff's counsel performed on this file includes, but is not limited to, the following: research related to the issue of Independent Contractor versus Employee; research court specific rules regarding Admission Pro Hac Vice; drafting of demand letter to Defendant; drafting of Complaint and case initiating documents; drafting and reviewing discovery requests and responses from both Plaintiff and Defendant; reviewing client documentation; multiple conferences with the client and opposing counsel; preparation for mediation, traveling to and from and attending mediation in Lexington, KY; reviewing, helping draft and edit settlement agreement and Joint Motion for Approval of FLSA Settlement.

46.5 hours of work on the case, and her boss and a partner in her firm, James M. Loren, aided her and provided 5.7 hours of work on the case[7]. Defendant states that solely in resolution of this matter, these fees are reasonable. Plaintiff similarly agrees that in resolution of this matter, these fees are reasonable.

### 3. Fee Arrangement

Plaintiff's Counsel undertook the representation on a purely contingent basis. Thus, Counsel has borne all of the risk that accompanies contingent-fee representation, including the prospect—very real in this case, considering upcoming dispositive motion practice—that the investment of substantial attorney time and resources would be lost. Counsel should be compensated for this risk. *Lonardo v. Travelers Indem. Co.,* 706 F. Supp. 2d 766, 796 (N.D. Ohio 2010).

### 4. Societal Interest

The FLSA is a remedial statute designed to protect the wages of workers, *see A.H. Phillips, Inc. v. Walling,* 324 U.S. 490, 493 (1945), and "society has a stake in rewarding the efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters." *Gentrup v. Renovo Servs., LLC,* 2011 U.S. Dist. LEXIS 67887, at *14 (S.D. Ohio June 24, 2011). Plaintiff's Counsel took on this matter to protect the rights of Plaintiff and litigated for nearly one and one-half years against highly-experienced defense counsel[8]. This factor supports awarding the requested fees and will encourage other qualified plaintiffs' attorneys to take on the risks of contingency litigation to help workers who cannot pay their hourly fees.

---

[7] Various District Courts across Texas and the Southern District of Indiana have approved an hourly rate ranging from $300.00 per hour to $350.00 for Rachael Rustmann, and various District Courts across Texas, Florida, and the Southern District of Indiana have approved an hourly rate ranging from $400.00 to $500.00 per hour for James M. Loren.

[8] Included in this time period was pre-litigation research and discussions with Defendant and opposing counsel.

**5. Case Complexity and Risk**

"Wage-and-hour […] actions are, by their very nature, complicated and time-consuming." *Swigart v. Fifth Third Bank,* 2014 U.S. Dist. LEXIS 94450, at *18, *citing Beckman v. KeyBank, N.A.,* 293 F.R.D. 467, 479-80 (S.D.N.Y. 2013). The parties faced complex issues of law as well as voluminous discovery. There was also an inherent risk to Plaintiff and Plaintiff's Counsel that were the case to proceed to the summary judgment stage, Plaintiff could have recovered nothing.

**6. Skill and Reputation of Counsel**

Plaintiff's Counsel is highly qualified and experienced and has substantial credentials in federal courts and wage and hour litigation. *See Aguirre v. Dynatos Incorporated d/b/a Masters Touch Cleaning,* Civil Action No. 5:17-cv-00743-HJB, United States District Court for the Western District of Texas – San Antonio Division; *Abad et al. v. Maxum Petroleum Operating Co. et al,* Civil Action No. 7:16-cv-00001-RAJ-DC, United States District Court for the Western District of Texas – Midland Division; *Arenas et al. v. Coastline Transportation, Inc.*, Civil Action No. 2:16-cv-119, United States District Court for the Southern District of Texas – Corpus Christi Division; *Lopez et al. v. Vision CSG LLC*, Civil Action No. 4:18-cv-809, United States District Court for the Southern District of Texas – Houston Division; *Simpson et al. v. Boze Enterprises II, LLC*, Civil Action No. 4:17-cv-2487, United States District Court for the Southern District of Texas – Houston Division.

For the foregoing reasons, Plaintiff's Counsel's requested attorney's fees outlined in the confidential settlement agreement, which includes reasonable costs and expenses of $1,121.56[9],

---

[9] Included in these costs are the following: $675.00 mediator's fee, $40.00 service of process fee, $400.00 filing fee, and $6.56 to send documents certified mail, return receipt requested.

should be approved.

## **CONCLUSION**

The settlement terms reached in this dispute represent a fair and reasonable compromise of the respective positions of the Parties. The Parties therefore respectfully request that the court approve the Agreement and enter the proposed order.

Respectfully submitted,

| | |
|---|---|
| GOLDBERG & LOREN, PA | DINSMORE & SHOHL LLP |
| /s/ Rachael Rustmann (w/ permission) | /s/ Travers B. Manley |
| Rachael Rustmann | Travers B. Manley |
| Goldberg & Loren, PA | Dinsmore & Shohl, LLP |
| 1776 N. Pine Island Road, Suite 224 | 250 West Main Street, Suite 1400 |
| Plantation, FL 33322 | Lexington, KY 40507 |
| Ph: (469) 214-4222 | Ph: (859) 425-1000 |
| rrustmann@goldbergloren.com | travers.manley@dinsmore.com |
| *Counsel for Plaintiff, Bruce Southerland* | *Counsel for Defendant, A Brighter Future, Inc.* |

13255966v2